IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHARLES BARKER III;<br><br>    Plaintiff,<br><br>v.<br><br>BSI FINANCIAL, *et al.*,<br><br>    Defendants. | Case No. 6:18-cv-01854-AA<br>**OPINION & ORDER** |

AIKEN, District Judge:

Charles Barker ("Plaintiff") filed a complaint in state court on May 17, 2018 and BSI Financial Services and Civic Financial Services ("Defendants") timely removed the matter to federal court based on federal question jurisdiction. Before me are Plaintiff's motions for default (docs. 9, 10, 11, and 12) and Defendants' Motion to Dismiss (doc. 24). For the reasons herein, Plaintiff's motions for default are DENIED and Defendants' Motion to Dismiss is GRANTED.

\\\

\\\

## BACKGROUND

On May 17, 2018, Plaintiff filed suit in Lane County Circuit Court alleging violations of the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, the Consumer Protection Act/Truth in Lending Act, and various common law violations. *See* Pl.'s First Amend. Compl. at 1 (doc. 21). Plaintiff's claimed violations stem from Defendants' alleged transmittal of a falsified mortgage history ledger indicating that Plaintiff had been late on payments for a loan he received to purchase a property in Eugene and that was serviced by Defendants. Plaintiff alleges that Defendants' actions caused him long-term economic loss due to an increase in interest payments, lowered credit score, and emotional strain, among other things. *See id.* at 3.

Plaintiff timely served defendants BSI and Civic in September of 2018 and Defendants removed the case to federal court within 30 days of being served. *See* Notice of Removal at 3 (doc. 1). Defendants explain in their response to one of Plaintiff's requests for entry of default that individual defendants Troy Valentine and Gagan Sharma were not properly served in the state court action, were therefore not parties to the case when it was removed, and are therefore not proper parties in the removed action before the Court. *See* doc. 18 at 3, n.1. Since the action's removal to federal court, Plaintiff has moved for entries of default against Defendants as well as against Valentine and Sharma. Defendants have moved to dismiss the case based on Rule 12(b)(1) and 12(b)(6).

## DISCUSSION

There are several motions before me: (i) Plaintiff's four motions for default and (ii) Defendants' Motion to Dismiss.1 Each is addressed below.

I. **Motions for Default**

Plaintiff requests that this Court file entries of default against Defendants as well as against Gagan Sharma and Troy Valentine. Defendants argue that an entry of default is improper because they have been defending in the action and because Plaintiff won't be prejudiced by having to litigate at this stage.

Entry of default is the essential first step in the two-step process of obtaining a default judgment for failure to appear. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). For entry of default to be proper, the moving party has the burden of showing that: (1) the party against whom default is sought has been properly served; (2) the Court has proper subject matter jurisdiction; and (3) the defaulting party has failed to plead or otherwise defend. *U.S. v. Panter*, 2012 WL 1245669 at *3 (D. Or. March 14, 2012).

Entering defaults is a discretionary matter reserved for the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image,*

---

1 Since Defendants have most recently moved to dismiss Plaintiff's amended complaint, the Court finds Defendants' initial motion to dismiss (doc. 13) to be moot and will only address arguments raised in Defendants' second motion (doc. 24).

Page 3 – OPINION AND ORDER

*Inc.*, 648 F.3d 779, 786 (9th Cir. 2011). The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

Here, while Defendants failed to file responsive pleading within the allotted time provided for in Rule 12, entry of default would be improper under Rule 55(a). Defendants indicate that they have corresponded with Plaintiff about the case in January and have been engaged in discovery since the action was filed. They have also conferred with Plaintiff about their plans to defend in this case and removed the action to federal court. All of this is evidence of Defendants' intention to defend the case. *See U.S. v. Panter*, 2012 WL 1245669 at \*3 (D. Or. March 14, 2012). Moreover, there is no reason to believe Plaintiff will be prejudiced if this action is allowed to continue on its merits. While Plaintiff argues that prejudice exists because two months had passed since the action was removed before Plaintiff ultimately requested entries of default, two months is simply not long enough to necessarily constitute prejudice and Plaintiff does not explain why this suit is a special situation where default would be appropriate. Thus, I find that entries of default against Defendants would be unwarranted.

Entries of default would also be improper with respect to Valentine and Sharma. Under FRCP 4(e)(1) service may be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." But since Plaintiff only attempted to serve Valentine and Sharma while this case was in state court, the Court must

consider whether Plaintiff followed Oregon law for service of process. Rule 7D(1) of the Oregon Rules of Civil Procedure provides that summons must be served in any manner reasonably calculated under all the circumstances to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. The Oregon rules also provide for presumptively adequate methods of service. *See* Or. R. Civ. P. 7 D. But when service is not made by one of the presumptively adequate methods, the inquiry "focuses on whether plaintiff's conduct was objectively and reasonably calculated under the totality of the circumstances existing at the time of attempted service to apprise defendants of the pendency of the action." *See Baker v. Foy,* 310 Or. 221, 228–29 (1990). If that inquiry is answered in the affirmative, service is deemed valid. *Davis Wright Tremaine, LLP v. Menken,* 181 Or. App. 332, 337 (2002). The inquiry focuses, not on the defendant's subjective notice, but on whether the plaintiff's conduct was objectively, reasonably calculated, under the totality of the circumstances then known to the plaintiff, to apprise the defendant of the pendency of the action. *Id.* at 339. Thus, actual notice "is, essentially, irrelevant." *Id; see also Jordan v. Wiser,* 302 Or. 50, 60 (1986) (actual notice does not make service adequate under Rule 7).

As a general rule, service by mail on an individual must be by via restricted delivery—only the person being served can either accept or refuse the mailing—to satisfy the reasonable notice standard of Rule 7 D(1). *Davis Wright,* 181 Or. App. at 988. Thus, a summons and complaint sent by first class mail is not sufficient to satisfy Rule 7 D(1). In *Murphy v. Price,* 131 Or. App. 693, 697 (1995), the court held

Page 5 – OPINION AND ORDER

that service by sending a copy of the summons and complaint to defendant at his mailing address using certified mail, return receipt requested, but with unrestricted delivery was inadequate because anyone at that address could have signed for the documents with no assurances that defendant would ever see the papers. *See also Davis Wright,* 181 Or. App. at 343 ("mere service by certified mail, without some more particularized assurance or confirmation of delivery to the defendant, *e.g.*, restricted delivery, return receipt requested, etc., [is not] sufficient to satisfy ORCP 7 D(1)"); *see also Edwards v. Edwards,* 310 Or. 672, 679–80 (1990) ("No Oregon case upholds service by mail as adequate unless it is acknowledged by defendant").

Here, while the action was in state court, Plaintiff needed to follow the ORCP to properly serve Valentine and Sharma. Plaintiff attempted serving them via certified mail, sent to BSI, but the package was unrestricted so it was signed by individuals other than Valentine or Sharma. This does not constitute service in Oregon. *See Davis Wright,* 181 Or. App. at 988. Plaintiff's reply brief simply states that "statutory service and notice requirements hav[e]been met" but does not address the issue with Plaintiff's attempted service that was identified by Defendants, *i.e.*, that service was made to Valentine and Sharma at their place of work via unrestricted mail. *See* doc. 19 at 1.

Additionally, neither Valentine nor Sharma appear to have been served when this case was removed to federal court. *See* doc. 1 at 2. Proper service is a prerequisite for the Court to exercise its discretionary authority to enter default. *See*

*U.S. v. Panter*, 2012 WL 1245669 at *3 (D. Or. March 14, 2012). Thus, Valentine and Sharma were not parties to the removed case and are still not parties to the case.

For these reasons, and in light of the strong policy of disfavoring defaults under Ninth Circuit precedent, Plaintiff's requests for entries of default are denied.

## II. Motion to Dismiss

Defendants argue that Plaintiff's Amended Complaint should be dismissed under FRCP 12(b)(1) because Plaintiff is not the real party in interest—the real party being Tiny Dancer LLC—and therefore lacks standing to bring this case.[2] For the following reasons, the Court agrees with Defendants.

To survive a motion to dismiss under FRCP 12(b)(1), the plaintiff has the burden to establish subject matter jurisdiction. *Ass'n of Am. Med. Call. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). Unlike a motion under Rule 12(b)(6), the court may consider affidavits or other evidence properly before the court that is relevant to the issue of subject matter jurisdiction. *Id.* In order to invoke subject matter jurisdiction, the plaintiff must establish that he or she has standing to bring a claim. *Lee v. State of Or.*, 107 F.3d 1382, 1387 (9th Cir. 1997). Standing addresses whether the plaintiff is the proper party to litigate a particular matter. *Id.*

Here, Plaintiff lacks standing to bring this case. Plaintiff is not the debtor on the loan that he alleges is the basis for the relationship between Defendants and Plaintiff. The actual debtor is Tiny Dancer LLC, which has been the owner of the property at all relevant times. *See* Heverly Dec., Ex. 3. Plaintiff argues that he is

---

[2] Because the Court finds that Plaintiff lacks standing to bring this case, the Court declines to address the alternative arguments raised by Defendants in their motion.

Page 7 – OPINION AND ORDER

the real party in interest because he suffered personal financial injury as a result of Defendants' alleged actions. Plaintiff further explains that Tiny Dancer LLC did not exist at the time of his injuries and did not contribute any money for the property's down payment. But the fact remains that the relevant promissory note and deed of trust define the "borrower" as Tiny Dancer LLC and all relevant documents before the Court support Defendants' contention that Plaintiff is not the actual debtor. *See, e.g.*, doc. 14-1 at 2–8.

Additionally, Plaintiff cannot bring an action *pro se* on behalf of Tiny Dancer LLC, even if he is the sole member, because Tiny Dancer is a separate legal entity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.").

This information should not come as news to Plaintiff because state and federal courts have informed him of this fact multiple times before. In 2012, Plaintiff and Zuma Enterprises filed a *pro se* complaint in Multnomah County Circuit Court in response to a foreclosure action which the defendants eventually removed to federal court. *See Barker v. Jantzen Beach Vill. Condo. Ass'n*, 2013 WL 244474 (D. Or. Jan. 18, 2013). The initial complaint alleged "plaintiff is the owner" of the property, but did not identify whether Plaintiff or Zuma Enterprises was the actual owner. *Id.* at * 1 n.1. The Multnomah County judge dismissed the complaint with leave to amend, and the judge instructed Plaintiff that Zuma Enterprises must retain its own legal counsel to participate in further proceedings. *Id.* at *2.

In 2013, Plaintiff filed a *pro se* action in Hawaii district court that included claims on behalf of various LLCs. *See Barker v. Gottlieb,* 978 F. Supp. 2d 1168 (2013). The court dismissed the complaint with leave to amend, instructing Plaintiff, "if the LLCs or any other business entity is added as a plaintiff in this case, the entity cannot represent itself *pro se,* and Plaintiff cannot represent the entity unless he is an attorney authorized to practice in this district." *Id.* at 1176.

Plaintiff is not an attorney authorized to practice in the District of Oregon, so he cannot represent Tiny Dancer LLC in the current case. Nor has Plaintiff provided any documentation properly before the court to establish that he has standing in the claims arising out of the loans, note, or deed of trust involved. As a result, Plaintiff has not carried his burden to prove that this Court has subject matter jurisdiction over the complaint.

Finally, Plaintiff's sur-reply (doc. 28) was improperly filed and cannot be considered by the Court. Sur-replies are not allowed by the Federal Rules of Civil Procedure and Local Rule 7-1(e)(3) provides that no further briefing is allowed unless directed by the Court. The Court did not request that Plaintiff file further briefing and Plaintiff's sur-reply is therefore not considered.

\ \ \

\ \ \

\ \ \

\ \ \

## CONCLUSION

Plaintiff's motions for default (docs. 9, 10, 11, and 12) are DENIED and Defendants' Motion to Dismiss (doc. 24) is GRANTED.

IT IS SO ORDERED.

Dated this 23RD day of September, 2019.

_____
Ann Aiken
United States District Judge